UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTELL CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | No. 2:18-cv-1991 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, residual functional capacity determination, and lay witness evidence were erroneous.

////

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

In March of 2015, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on November 22, 2013. (Transcript ("Tr.") at 15, 169-77.) Plaintiff's alleged impairments included arthritis, headaches, balance issues, and depression. (Id. at 173.) Plaintiff's applications were denied initially, (id. at 125-29), and upon reconsideration. (Id. at 133-38.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 27, 2017. (Id. at 35-58.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 35-37.) In a decision issued on July 19, 2017, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since November 22, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: Status post left ankle fusion, left foot plantar fasciitis, status post right hip replacement with revision surgery, major depressive disorder, obesity, and migraines (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b). She can stand and walk for 20 minutes at a time up to 2 hours of an 8-hour workday. She is able to sit for 30 minutes at a time up to 6 hours of an 8-hour workday. She is able to occasionally stoop, kneel, balance, and climb ramps and stairs. She is not able to crouch, crawl,

and climb ladders, ropes, and scaffolds. She is able to occasionally push and pull. She is able to frequently reach bilaterally in any direction, and perform manipulative activities. Mentally, she is limited to performing simple and detailed, but not complex tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1976 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 22, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 17-28.)

On June 13, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's July 19, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 19, 2018. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion plaintiff asserts the following three principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ's residual functional capacity determination was incomplete; and (3) the ALJ improperly rejected lay witness testimony. (Pl.'s MSJ (ECF No. 14) at 16-27.[3])

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF

4

**I.	Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the multiple opinions offered by two of plaintiff's treating physicians, Dr. Lindsey Howard Russell, a podiatrist, and Dr. Domingo Hallere, an orthopedic surgeon.[4] (Pl.'s MSJ (ECF No. 14) at 17-23.) In total, these treating

---

system and not to page numbers assigned by the parties.

[4] Generally, the opinions specialists regarding the specialist's area of expertise "are given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty.").

physicians offered four opinions, which the ALJ briefly summarized[5]:

> In April of 2015, podiatrist Lindsay Howard Russell completed an assessment of her musculoskeletal condition. As of June 19, 2006, she had left ankle arthrodesis. She needed to use a boot and cane for walking. She had a bilateral antalgic gait. She had some atrophy in her left calf (Exhibit 4F).
>
> \*\*\*
>
> On June 18, 2015, podiatrist Dr. Lindsey Howard Russell completed a medical source statement. The claimant had a left ankle fusion and a right subtalar fusion. The maximum amount she could lift and/or carry was 20 pounds. She could stand and walk for 1 to 2 hours of an 8-hour workday. She could sit for 4 to 6 hours of an 8-hour workday. She did not have neuro-anatomic distribution of pain. He was not sure if here (sic) symptoms were severe enough to interfere with attention and concentration. The claimant had significant issues with balance during standing and walking. She could never crouch, climb, or crawl. She needed extra 10-15 minute rest periods after every ½ hour of work. She would be absent from work about 4 or more days per month
>
> \*\*\*
>
> On December 13, 2016, Dr. Hallere completed a medical source statement in regard to the claimant's right hip replacement. She had reduced range of motion with right hip flexion and external rotation. She could occasionally lift and/or carry 20 pounds. She could walk for 1 to 2 hours in an 8-hour workday. She could sit for 4 to 6 hours in an 8-hour workday. She could never crouch, climb, or crawl. She would need unscheduled breaks every hour for 15 minutes. He was not sure if her pain would interfere with attention or concentration. She would miss about 4 days a month of work.
>
> \*\*\*
>
> On December 19, 2016, podiatrist Lindsay Howard Russell completed another medical source statement, again noting that the claimant had a left ankle fusion and a right subtalar fusion. The maximum amount she could lift and/or carry was 20 pounds. She could stand and/or walk for 1 to 2 hours of an 8-hour workday. She could sit for 4 to 6 hours of an 8-hour workday. She did not have neuro-anatomic distribution of pain. He was still not sure if her symptoms were severe enough to interfere with attention and concentration. The claimant continued with balance issues, and pain related to early arthritis with standing and walking. She could never crouch, climb, or crawl. She needed extra 10-15 minute rest periods

////

---

[5] The court would normally address the treatment of each physician's opinion separately. However, because the ALJ discussed these opinions in combination the court will do the same.

> after every hour of work. She would be absent from work about 4 or more days per month.

(Tr. at 22-24.)

In analyzing the amount of weight to afford each of these opinions the ALJ briefly reiterated the above summary before simply concluding:

> The undersigned accords little evidentiary weight to the opinions of Dr. Russell and Dr. Hallere that the claimant would need unscheduled breaks every hour for 15 minutes. The objective medical evidence does not support that limitation or the doctors' limitation of missing 4 days a month of work. Significantly, in December of 2016, both doctors found that she could lift and/or carry 20 pounds. She could stand and/or walk for 1 to 2 hours of an 8-hour workday. She could sit for 4 to 6 hours of an 8-hour workday. This assessment is in line with the ultimate RFC of sedentary exertion.

(Id. at 26.)

The ALJ's vague and conclusory discussion of these treating opinions fails to account for all the limitations assessed. For example, there is no discussion of Dr. Russell's opinion that plaintiff had significant issues with balance and required the use of a boot and cane. (Tr. at 376, 437.) The ALJ fails to explain why the opinion that plaintiff could lift and/or carry 20 pounds, stand and/or walk for 1 to 2 hours, and sit for 4 to 6 hours, undermined the doctors' opinions that plaintiff would need unscheduled breaks, would miss 4 days of work per month, or any of the doctors' other opined limitations. And the ALJ cited no evidence in support of the ALJ's conclusion.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Moreover, when an ALJ elects to afford the opinion of a treating physician less than controlling weight, the opinion must be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's failure to discuss these factors "alone constitutes reversible legal error." (Id. at 676.)

Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer a specific and legitimate, let alone clear and convincing, reason for rejecting the opinions of Dr. Russell and Dr. Hallere. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II. Incomplete Residual Functional Capacity ("RFC") Determination

Plaintiff next argues that the ALJ's RFC determination was incomplete and inaccurate. (Pl.'s MSJ (ECF No. 14) at 23-26.) A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations.").

In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, on April 27, 2015, Dr. Michelina Regazzi, Ph. D., provided a thorough opinion following testing and examination. (Tr. at 380-87.) With respect to the weight accorded Dr.

Regazzi's opinion the ALJ stated simply, "Substantial evidentiary weight is accorded to Dr. Regazzi's opinion and the claimant's RFC is eroded for the completion of performing simple and detailed, but not complex tasks. Dr. Regazzi's opinion is consistent with the overall medical record. The claimant's mental RFC has been eroded accordingly." (Tr. at 27.)

One of Dr. Regazzi's findings, however, was that plaintiff's ability to deal with the usual stress encountered in a competitive work environment was moderately limited. (Id. at 387.) As noted above, if the ALJ rejected this portion of Dr. Regazzi's opinion, the ALJ was required to provide, at least, a specific and legitimate reason supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Moreover, while an ALJ may pose a range of hypothetical questions to a vocational expert ("VE") based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Here, the ALJ did not address Dr. Regazzi's opined limitation with respect to stress encountered in a competitive work environment and did not include that limitation in either the hypothetical question to the VE or in the ALJ's RFC determination. (Tr. at 20, 283.) Accordingly, the court finds that plaintiff is also entitled to summary judgment on the claim that the ALJ's RFC determination was incomplete and inaccurate.

////

////

### III. Lay Witness Testimony

Finally, plaintiff challenges the ALJ's treatment of the lay witness testimony. (Pl.'s MSJ (ECF No. 14) at 26-27.) The testimony of lay witnesses, including family members and friends, reflecting their own observations of how the claimant's impairments affect her activities must be considered and discussed by the ALJ. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Smolen, 80 F.3d at 1288. Persons who see the claimant on a daily basis are competent to testify as to their observations. Regennitter, 166 F.3d at 1298; Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). If the ALJ chooses to reject or discount the testimony of a lay witness, he or she must give reasons germane to each particular witness in doing so. Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919. The mere fact that a lay witness is a relative of the claimant cannot be a ground for rejecting the witness's testimony. Regennitter, 166 F.3d at 1298; Smolen, 80 F.3d at 1289. Nor does the fact that medical records do not corroborate the testimony provide a proper basis for rejecting such testimony. Smolen, 80 F.3d at 1289. It is especially important for the ALJ to consider lay witness testimony from third parties where a claimant alleges symptoms not supported by medical evidence in the file and the third parties have knowledge of the claimant's daily activities. 20 C.F.R. § 404.1513(e)(2); SSR 88-13.

Here, the ALJ acknowledged the lay witness statements of plaintiff's "boyfriend," and "mother[.]" (Tr. at 27.) The ALJ then claimed to afford these statements "substantial evidentiary weight" as "[t]hey have provided persuasive reports of the [plaintiff's] physical and mental limitations," given that "[t]hey have been in the best position to observe the [plaintiff][.]" (Id.) However, the assertion that the ALJ afforded these statements "substantial evidentiary weight" conflicts with the ALJ's disability determination.

In this regard, the lay witnesses testified that plaintiff "needs to rest, even after a small task, such as checking the mail." (Tr. at 217.) That plaintiff must sit to shower. (Id. at 218.) That plaintiff can only walk a few hundred feet before needing to rest a few minutes. (Id. at 222.) That plaintiff requires the use of a cane. (Id. at 223.) Can only lift 10 pounds. (Id. at 224.) And that plaintiff "gets confused and frustrated," with difficulty remembering. (Id. at 263.)

////

The ALJ, however, neither accepted these limitations nor provided a germane reason for rejecting them. Accordingly, the court also finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the lay witness evidence constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff asks that this matter be remanded for further proceedings. (Pl.'s MSJ (ECF No. 14) at 27.) Plaintiff's request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 4, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\cambpell1991.ord